United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2006

Charles R. Fulbruge III
Clerk

0N THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-51126
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

EDWARDO LEE ESCONTRIAS,

Defendant-
Appellant.

--------------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:01-CR-124-ALL
--------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Edwardo Lee Escontrias appeals the revocation of his supervised release following his 2002 guilty plea to conspiracy to distribute marijuana. He argues that the evidence was insufficient to revoke his supervised release because there was no evidence presented to the district court that he actually committed a crime while on supervised release, only that he had been charged with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

committing a crime. We review the district court's revocation of Escontrias's supervised release for an abuse of discretion. *See United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995).

Escontrias makes no mention of the fact that when he appeared at the revocation hearing, he already had pleaded guilty to the 2005 conspiracy-to-distribute-narcotics charge that formed the basis of the Government's motion to revoke. His assertion that there was no evidence that he committed the offense which formed the basis for his revocation thus borders on frivolous.

Escontrias next argues that the district court did not have jurisdiction to revoke his supervised release because the court did not have a "legal basis" to issue a warrant based on a violation of the conditions of his supervised release. He argues that the warrant merely stated that he had been charged with another crime, not that he had committed a crime. Under 18 U.S.C. § 3606, a warrant may issue if there is probable cause to believe that a releasee has violated a condition of his supervised release. Escontrias's argument is without merit.

AFFIRMED.